# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

MARCH TERM, 1914.

---

NEW ORLEANS M. & C. R. Co. *v.* E. H. & E. L. CARTER.

[64 South. 842.]

CORPORATIONS. *Reorganization. Action against reorganized company. Railroads. Mortgages. Liabilities. Scope of relief. Code* 1906, *section* 4067.

In a suit brought against a new corporation on the theory that it was simply a reorganization of an old corporation, which was liable to plaintiff, the agreed statement of facts was held by the court not to show that the new corporation was a reorganization of the original corporation and liable for its debts.

ON SUGGESTION OF ERROR.

RAILROADS. *Mortgages. Liabilities secured. Scope of relief. Code* 1906, *section* 4067.

Code 1906, section 4067, providing that "a mortgage or deed of trust conveying the income of future earnings or the rolling stock of

a railroad company shall not be valid against liabilities incurred by such company as a carrier of freight and passengers, or for damages sustained by persons or property," has no application, in a suit against a railroad company based on the theory that it was a reorganization of a company liable to complainants, where under the agreed statement of facts such a theory is not sustained.

APPEAL from the chancery court of Jones county.

HON. SAM WHITMAN, JR., Chancellor.

Bill in chancery by E. H. and E. L. Carter against the New Orleans, Mobile & Chicago Railroad Company. From a decree for complainants, defendant appeals.

Appellees were complainants in the court below, and appellant defendant. Suit was begun by a bill in chancery filed by complainant below, alleging that the Mobile, Jackson & Kansas City Railroad Company was indebted to complainants, and that after becoming so indebted to complainants the Mobile, Jackson & Kansas City Railroad Company ceased as a common carrier of freight, and no officer or agent of said railroad company could be found in Mississippi upon whom process could be served, and that the defendant, the New Orleans, Mobile & Chicago Railroad Company, had taken possession of the property of the Mobile, Jackson & Kansas City Railroad Company and converted it to its own use, and was operating the road formerly operated by the Mobile, Jackson & Kansas City Railroad Company, and that in fact the new company was merely a reorganization of the old company, and therefore liable for its debts.

The defendant answered, denying that it was a reorganization of the Mobile, Jackson & Kansas City Railroad Company, but that it was an entirely separate corporation, and was a *bona fide* purchaser of the assets of the Mobile, Jackson & Kansas City Railroad Company for value; the assets of the last-named company having been sold under foreclosure sale to satisfy an indebtedness due the bondholders, and having been purchased at

said foreclosure sale by one Laing, who afterwards conveyed the property to the defendant.

The case was tried on the following agreed statement of facts, and resulted in a decree for complainants:

## "Agreed Statement of Facts.

"That complainants are a copartnership, composed of E. H. Carter and E. L. Carter, who were then, and are now, residents of the city of Meridian and citizens of the state of Mississippi. That on the 6th day of January, 1909, complainants were conducting a cotton brokerage business in the state of Mississippi, with their headquarters in the city of Meridian.

"That during the month of January, 1909, complainants, through one of their agents, a W. R. Hart, of Philadelphia, Mississippi, bought from one C. C. Briggs, fifty bales of cotton and paid the said C. C. Briggs therefor. That part of said bales of cotton so purchased from said C. C. Briggs was in the compress at Philadelphia, Mississippi, and for the remaining bales said C. C. Briggs delivered to complainants bills of lading calling for the same. That among the bills of lading delivered to complainants at that time by said Briggs, to cover the said fifty bales of cotton purchased by complainants as aforesaid, was one issued by the Mobile, Jackson & Kansas City Railroad Company, dated Noxapater, Mississippi, January 6, 1909, for 'three bales of cotton,' aggregating one thousand five hundred pounds. A copy of said bill of lading is filed as an exhibit to complainant's bill, and the original is attached hereto. That complainants demanded said three bales of cotton from said Mobile, Jackson & Kansas City Railroad Company, but has never received the same. That complainants purchased said cotton, as aforesaid, in good faith, paid for the same, and were delivered bill of lading by said C. C. Briggs, without any knowledge of the fraud complained of by defendant.

"That the said C. C. Briggs procured said bill of lading from said Mobile, Jackson & Kansas City Railroad

Company through fraud, by representing to the agent of said railroad company at Noxapater, a station on the line of said railroad company, that the three bales described in the bill of lading were the property of said C. C. Briggs, when as a matter of fact said C. C. Briggs did not own the same, nor has ever owned said three bales, but that said cotton actually belonged to, at that time, another party, one F. L. Kilpatrick. That said C. C. Briggs was afterwards indicted, tried, and convicted, and served a sentence in the state prison, for said false representations in securing said bill of lading.

"That at the time of the issuance of said bill of lading said Mobile, Jackson & Kansas City Railroad Company was a railroad corporation in this state, and was a common carrier of freight and passengers through the state between Middleton, in the state of Tennessee, and Mobile, in the state of Alabama, which line passed through the city of Laurel, Second district, Jones county, Mississippi. That after the issuance of said bill of lading, and before the filing of this suit, to wit, November 11, 1911, the property of said railroad company (which is fully described in the papers of record, and which are made a part of this agreement) was sold to satisfy a mortgage, and that one J. A. Laing purchased the same, which deed is of record in the office of the clerk of the chancery court of Second district, Jones county, Mississippi, in Book C, page 157. That said Laing conveyed said property to this defendant. See deed in Office Book C, page 161. That defendant took over all the rolling stock, etc., described in said deeds, which was formerly owned by the Mobile, Jackson & Kansas City Railroad Company, the company that issued the bill of lading referred to herein.

"It is agreed that said cotton weighed one thousand five hundred and thirty-nine pounds and was worth nine and seven and one-half hundredths cents per pound, or one hundred and thirty-nine dollars and sixty-six cents, at that time.

*Flowers, Alexander & Whitfield,* attorneys for appellant.

*Shannon & Street,* attorneys for appellees.

Cook, J., delivered the opinion of the court.

This case was begun in the chancery court upon the theory that appellant, the New Orleans, Mobile & Chicago Railroad Company, was organized by the stockholders and bondholders of the Mobile, Jackson & Kansas City Railroad Company for the purpose of acquiring the assets of the latter company; that the organization of the New Orleans, Mobile & Chicago Railroad Company was in fact merely a reorganization of the Mobile, Jackson & Kansas City Railroad Company; that, this being so, the new company was bound to pay the debts of the old company. It is alleged that the old company owed appellees one hundred and thirty-nine dollars and sixty-six cents, and the prayer of the bill of complaint was for a decree for that amount against the new company. The case was tried upon an agreed statement of facts, and the court granted the relief prayed for; wherefore this appeal.

The facts tend to show that appellant acquired the property through a foreclosure sale ordered by the United States courts of Mississippi and Alabama. This sale was ordered at the instance of the bondholders of the old company, and so far as we are able to discover the proceedings were regular, and there is nothing in the record which authorized the lower court to infer that the new company was merely the old company under another name. It is true that some of the recitals in the deeds conveying the property to appellant suggest a suspicion that the allegations of the bill of complaint may be true; but we do not think these suspicions rise to the dignity of proof, nor do they shift the burden of proof to appellant to establish its *bona fide* ownership of its property.

It appears that the property of the old company was sold by the decree of courts of competent jurisdiction to pay the mortgage indebtedness of the company; that the property was bought by an individual, and by mesne conveyances appellant has title to same. If the facts are as appellees charge, they may be entitled to relief; but the facts must be proven.

*Reversed and remanded.*

### ON SUGGESTION OF ERROR.

At a former day of this term this case was reversed, for reasons stated in the opinion of the court. The case is again before us on suggestion of error.

It is insisted that the chancery court was right in rendering a judgment against appellant because of section 4067, Code of 1906, which is in these words: ''A mortgage or deed of trust conveying the income of future earnings or the rolling-stock of a railroad company shall not be valid against liabilities incurred by such company as a carrier of freight and passengers, or for damages sustained by persons or property.'' We are urged to construe this section, and it is claimed that a failure to do so has led the court into an erroneous decision.

We have not regarded it necessary to take into consideration this section of the Code, for the reason that it in no way affects the case made by the pleadings and agreed statement of facts. The bill of complaint proceeds upon the theory that appellant railroad company is in fact the old company under another name, and a decree was asked and obtained against appellant, based upon a claim against the old company. We did not believe, and do not now believe, that the agreed facts support the allegations of the bill of complaint. There is no evidence to show that appellant is a reorganization of the old company, or that the old company and the new company are one and the same company, and unless this is true we cannot see how a judgment could be rendered against the present company for the debts of the defunct company.

Section 4067 of the Code needs no construction, and we have not attempted to construe same, for the simple reason that it does not come into play in this case. The rolling stock of the old company may be subjected to the payment of the debts of the old company, but the bill in this case does not seek to do this. The decree sought by the bill and rendered by the court is a simple judgment for so much money against appellant.

*Suggestion of error overruled.*